Joe GENDREAU, D.O., Appellant,

v.

MEDICAL ARTS HOSPITAL, Appellee.

No. 11–00–00376–CV.

Court of Appeals of Texas, Eastland.

Aug. 30, 2001.

Rehearing Overruled Sept. 27, 2001.

Forrest Bowers, Bowers Law Office, Lubbock, for appellant.

Gregg Knaupe, Davis & Wilkerson, Austin, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

Opinion

WRIGHT, Justice.

The trial court ruled that it had no jurisdiction in this case because of sovereign immunity, and it granted a plea to the jurisdiction and dismissed the lawsuit. We agree with the trial court and affirm its judgment.

The pleaded facts, insofar as the question now before us, are straightforward. Medical Arts Hospital is a hospital owned by Dawson County. The hospital entered into a contract with appellant whereby appellant would perform certain radiology services. Alleging that the hospital had breached the contract by terminating it, appellant sued for damages.

The hospital filed a plea to the jurisdiction and alleged that it was protected from suit by sovereign immunity. The trial court agreed and granted the hospital's plea to the jurisdiction. In two points of error, appellant maintains that the trial court erred when it granted the plea to the jurisdiction because sovereign immunity had been waived and was not a bar to this suit.

Unless it is waived, sovereign immunity, in one of its aspects, protects a governmental unit from lawsuits. *Federal Sign v. Texas Southern University*, 951 S.W.2d 401 (Tex.1997). Political subdivisions also enjoy that immunity. *Travis v. City of Mesquite*, 830 S.W.2d 94, 104 (Tex. 1992). Whether sovereign immunity is waived is a matter for the consideration of the legislature, and the instances of waiver are narrowly defined and must be accomplished by clear and unambiguous language. Act of June 15, 2001, 77th Leg.,

R.S., ch. 1158, § 8, 2001 Tex. Sess. Law Serv. —— (Vernon) (to be codified at TEX. GOV'T CODE ANN. § 311.034); *Federal Sign v. Texas Southern University, supra*; *DeWitt v. Harris County*, 904 S.W.2d 650 (Tex.1995).

Appellant argues that TEX. LOC. GOV'T CODE ANN. § 89.004 (Vernon Supp.2001) waives sovereign immunity. Section 89.004 provides:

(a) A person may not sue on a claim against a county unless the person has presented the claim to the commissioners court and the commissioners court has neglected or refused to pay all or part of the claim.

(b) If the plaintiff in a suit against a county does not recover more than the commissioners court offered to pay on presentation of the claim, the plaintiff shall pay the costs of the suit.

■ Sovereign immunity encompasses two distinct areas: (1) immunity from suit and (2) immunity from liability. When a governmental unit enters into a contract with a private person, it waives immunity from liability but not from suit. *General Services Commission v. Little-Tex Insulation Company, Inc.*, 39 S.W.3d 591 (Tex.2001). One seeking to sue the governmental unit must show a clear and unambiguous waiver of immunity from suit. *General Services Commission v. Little-Tex Insulation Company, Inc., supra* at 594. Consent may be established by a legislative statute or by a resolution specifically granting consent to sue. *Texas Department of Transportation v. Jones*, 8 S.W.3d 636, 638 (Tex.1999).

■ Section 89.004 is not a jurisdictional statute and does not waive sovereign immunity from suit. Section 89.004 is a presentment statute designed to facilitate the evaluation and settlement of claims against counties. *Essenburg v. Dallas County*, 988 S.W.2d 188 (Tex.1998). See also *County of Bexar v. Garcia*, 974 S.W.2d 107 (Tex.App.—San Antonio 1998, no pet'n)(Section 89.004 is not a waiver of immunity, it sets forth a condition precedent to bringing suit); *Taub v. Harris County Flood Control District*, —— S.W.3d ——, 2001 WL 492462 (No. 01-00-00343-CV, Tex.App.—Houston [1st Dist.] May 10, 2001)(motion for rehearing pending)(not yet reported) (Section 89.004 does not constitute the legislature's waiver of immunity on suits against a county). The cases cited by appellant are either distinguishable or they are in direct conflict with the holding in *Essenburg*.

The court stated in *General Services Commission* that "[t]here is but one route to the courthouse for breach-of-contract claims ... and that route is through the Legislature" either by legislative enactment or by resolution. *General Services Commission v. Little-Tex Insulation Company, Inc., supra* at 597. Here, sovereign immunity has not been waived, either by statute or resolution. The trial court did not err when it granted appellee's plea to the jurisdiction. The two points of error are overruled.

The judgment of the trial court is affirmed.