11th Court of Appeals
Eastland, Texas
Opinion
 
Gene Duke Builders, Inc.
            Appellant
Vs.                  No. 11-02-00268-CV -- Appeal from Taylor County 
Abilene Housing Authority
            Appellee
 
On Remand
            This is a case to enforce a contractual arbitration agreement. Gene Duke Builders, Inc.
(Duke) appeals from an order of the trial court dismissing the case for lack of subject matter
jurisdiction. On appeal, Abilene Housing Authority (AHA) argued that Duke’s notice of appeal was
untimely filed. In a memorandum opinion, this court agreed that appellant had not timely perfected
its appeal, and we dismissed the appeal for lack of jurisdiction. Gene Duke Builders, Inc. v. Abilene
Housing Authority, No. 11-02-00268-CV, 2003 Tex.App. LEXIS 4073, at *7 (Tex.App. - Eastland
May 8, 2003) (not designated for publication). Duke appealed this court’s dismissal, filing a
petition for review with the Texas Supreme Court. The supreme court granted the petition and
reversed and remanded the case to this court for a consideration of the other issues raised. Gene
Duke Builders, Inc. v. Abilene Housing Authority, 138 S.W.3d 907, 908 (Tex.2004). Having
considered these issues, we reverse the judgment of the trial court and remand this case for further
proceedings consistent with this opinion.
            Duke entered into a construction contract with AHA to repair housing units in Abilene. After
a dispute arose concerning completion and payment, Duke filed a claim with the construction
administrator. AHA denied Duke’s claim. Duke then demanded that its claim be submitted to
arbitration. When AHA refused to arbitrate, Duke sued AHA to enforce its contractual right to seek
arbitration. The district court ordered that the parties submit to arbitration. Six months later, AHA
filed a plea to the jurisdiction, asserting that it was a “unit of state government” as defined by TEX.
GOV’T CODE ANN. ch. 2260 (Vernon 2000 & Supp. 2004 - 2005). AHA also asserted that
Chapter 2260 governs breach-of-contract claims against housing authorities and that following the
chapter’s procedures is a prerequisite to suit being filed in state district court. Duke did not pursue
a remedy under Chapter 2260 prior to filing suit. The district court found that AHA was a “unit of
state government as defined by Section 2260.001 of the Texas Government Code” and dismissed the
case for lack of subject matter jurisdiction, vacating its prior order compelling arbitration. Duke
appeals from that order.
            Because the determination of subject matter jurisdiction is a question of law, we review de
novo the trial court’s ruling on a plea to the jurisdiction. State ex rel. Department of Highways and
Public Transportation v. Gonzalez, 82 S.W.3d 322, 327 (Tex.2002).
            Duke first argues that the pleadings and proof show that the district court had subject matter
jurisdiction to order arbitration. AHA asserts that Duke’s pleadings are insufficient to establish that
the trial court has jurisdiction over this suit. AHA argues that a party suing a governmental entity
must allege in its pleadings consent to suit either by statute or express legislative permission.
            This argument was squarely presented to the Texas Supreme Court in Missouri Pacific
Railroad Company v. Brownsville Navigation District, 453 S.W.2d 812 (Tex.1970). Missouri
Pacific (MoPac) was sued by the statutory beneficiaries of an employee who lost his life as the result
of an accident near a railway track. Missouri Pacific Railroad Company v. Brownsville Navigation
District, supra at 812. MoPac filed a cross-action against Brownsville Navigation District of
Cameron County (District), alleging that District had breached a written track agreement providing
that District would keep the tracks safe and clear of any obstructions. Missouri Pacific Railroad
Company v. Brownsville Navigation District, supra at 813. MoPac did not allege in its pleadings
that consent to suit had been given. Missouri Pacific Railroad Company v. Brownsville Navigation
District, supra at 814. District filed a plea to the jurisdiction, alleging that it was a political
subdivision of the State performing governmental functions and that its consent to suit had not been
given. Missouri Pacific Railroad Company v. Brownsville Navigation District, supra. District
argued that an allegation of consent must be made whenever a governmental unit is sued. Missouri
Pacific Railroad Company v. Brownsville Navigation District, supra. The Texas Supreme Court
disagreed, finding that such a rule only applies when a suit may not be maintained unless authorized
by a special act or resolution. Missouri Pacific Railroad Company v. Brownsville Navigation
District, supra. It concluded, however, that such a rule did not apply when suing a political sub-division that is always subject to suit by virtue of a general statute. Missouri Pacific Railroad
Company v. Brownsville Navigation District, supra.
            In this case, the statute that gives consent to suit is Section 392.065 of the Local Government
Code, which plainly states that a housing authority may “sue and be sued.” See also TEX. LOC.
GOV’T CODE ANN. § 392.006 (Vernon 1999). There was no need, therefore, for Duke to allege
in its pleadings that AHA gave permission to sue; and Duke’s pleadings are not insufficient to
establish that the trial court had subject matter jurisdiction. We sustain Duke’s first issue.
            Duke next argues that Chapter 2260 of the Texas Government Code does not apply to
municipal housing authorities because they are not “unit[s] of State Government.” If the chapter
does apply, its administrative procedures provide the exclusive method available for resolving this
case; and the trial court would, therefore, lack jurisdiction over it. Section 2260.005; General
Services Commission v. Little-Tex Insulation Company, Inc., 39 S.W.3d 591, 593 (Tex.2001). 
Furthermore, the chapter does not waive sovereign immunity to suit or liability. Section 2260.006.
            This chapter, however, only applies to claims against the State. See General Services
Commission v. Little-Tex Insulation Company, Inc., supra at 595. In order for Chapter 2260 to apply
to this particular breach-of-contract claim by Duke, a municipal housing authority such as AHA must
be a “unit of state government.” See Section 2260.051. A housing authority is clearly a “unit of
government” for purposes of the Texas Tort Claims Act. Section 392.006. We can find no author-ity, however, for the proposition that a municipal housing authority is a “unit of state government”
for purposes of breach-of-contract claims under Chapter 2260. We are also unable to infer such a
fact from the definition provided in the statute.
            Section 2260.001 provides in relevant part:
            (4) “Unit of state government” means the state or an agency, department,
commission, bureau, board, office, council, court, or other entity that is in any branch
of state government and that is created by the constitution or a statute of this state,
including a university system or institution of higher education. The term does not
include a county, municipality, court of a county or municipality, special purpose
district, or other political subdivision of this state. (Emphasis added)
 
The above definition is very specific as to what is and what is not a unit of state government. 
Because municipal housing authorities are not specifically listed in this definition, they must fall into
one of the above two “catch-all” categories: either a municipal housing authority is an “entity that
is in any branch of state government” and is therefore included in the definition or it is a “political
subdivision of this state” and is therefore excluded from the definition. We hold that a municipal
housing authority falls under the category of “other political subdivision of this state” and is
therefore not a “unit of state government” for purposes of Chapter 2260 of the Texas Government
Code.
            We can find no authority for the conclusion that a municipal housing authority is an entity
that is in one of the three branches of state government. There is authority, however, for the
proposition that a housing authority falls under the category of “other political subdivision of this
state.” While “political subdivision” is not defined in Chapter 2260 of the Texas Government Code,
it is defined many other times throughout our statutes; and, in several places, the definition of
“political subdivision” includes housing authorities. See, e.g., TEX. GOV’T CODE ANN. §
2254.021(4)(M) (Vernon Supp. 2004 - 2005); TEX. LOC. GOV’T CODE ANN. § 172.003 (Vernon
1999); TEX. LAB. CODE ANN. § 406.098(b)(4) (Vernon Supp. 2004 - 2005); TEX. LAB. CODE
ANN. § 504.001(3) (Vernon 1996). We find these definitions persuasive.
            We agree with AHA that a municipal housing authority is defined as “a public body corporate
and politic.” TEX. LOC. GOV’T CODE ANN. § 392.011(b) (Vernon 1999). AHA goes on to
assert, however, that all public bodies corporate and politic are units or subdivisions of state govern-ment. We can find no authority for this broad assertion. The three cases cited by AHA in its brief
are not on point. The first case, Camacho v. Samaniego, 954 S.W.2d 811, 818 (Tex.App. - El Paso
1997, pet’n den’d), states that Texas counties may be considered units of state government when
dealing with illegal acts by county officials. The second case, City of Euless v. Dallas/Fort Worth
International Airport Board, 936 S.W.2d 699, 704 (Tex.App. - Dallas 1996, writ den’d), states that
a municipality is a subdivision of the State. The third case, Willacy County Water Control and
Improvement Dist. No. 1 v. Abendroth, 177 S.W.2d 936, 937 (Tex.1944), states that special purpose
districts, such as irrigation districts and navigation districts, are political subdivisions of the State.
The issue before us, however, is not whether special purpose districts and housing authorities are
political subdivisions of the State. Clearly they are. The issue is whether a housing authority is a
“unit of state government” for purposes of Chapter 2260.
            AHA asserts that the history and policy of housing authorities demonstrate that AHA is a unit
of state government. We disagree. We can find nothing in the history and policies of housing
authorities about whether they are units of state government. The only case cited by AHA on this
point, Housing Authority of City of Dallas v. Higginbotham, 143 S.W.2d 79, 85 (Tex.1940), simply
holds that the Housing Authority Law is constitutional. The case makes no statement pertaining to
the question of whether housing authorities are units of state government or units of local
government.
            AHA asserts that, because a housing authority derives its power from the state legislature,
housing authorities are therefore units of state government. We disagree. Special purpose districts
are also created by the legislature, but they are nonetheless excluded from the definition of “units of
state government.” Section 2260.001. The issue is not where a housing authority derives its power
from but rather the limited scope of a housing authority’s power. Although a housing authority is
created by the legislature, it may not exercise its powers until the governing body of the municipality
declares by resolution that there is a need for the authority. TEX. LOC. GOV’T CODE ANN. §
392.011(c) (Vernon 1999). Also, a housing authority has limited local jurisdiction. Its area of
operation is limited to the municipality for which the authority is created and a five-mile area outside
the municipality. TEX. LOC. GOV’T CODE ANN. § 392.014 (Vernon 1999). Furthermore,
housing authority commissioners are appointed not by an officer of the state but by the presiding
officer of the governing body of the municipality. TEX. LOC. GOV’T CODE ANN. § 392.031(a)
(Vernon Pamph. Supp. 2004 - 2005). These statutory provisions suggest that a housing authority is
a local entity, not a unit of state government. We also note that the Housing Authority Law is found
in Chapter 392 of the Local Government Code.
            Finally, this court and the 5th Court of Appeals have held that a municipal housing authority
is a division of the city that created it and exists only with the consent of that city. Aetna Casualty
and Surety Company v. Glidden Company, 283 S.W.2d 440, 441 (Tex.Civ.App. - Eastland 1955),
rev’d on other grounds, 291 S.W.2d 315 (Tex.1956); Miers v. Housing Authority of City of Dallas,
266 S.W.2d 487, 490 (Tex.Civ.App. – Dallas 1954, no writ). It follows, then, that a municipal
housing authority is a unit of local government, not a unit of state government.
            For these reasons, we hold that municipal housing authorities are not units of state
government and that the provisions of Chapter 2260 do not apply to them. We therefore sustain
Duke’s second issue. Because we hold that Chapter 2260 does not apply to contracts with housing
authorities, we need not address Duke’s third issue on appeal that the contract was executed before
the effective date of the statute. TEX.R.APP.P. 47.1.
            In a supplemental brief, AHA argues that there is another reason why the district court lacks
subject matter jurisdiction over this dispute. AHA asserts that the statutory language of TEX. LOC.
GOV’T CODE ANN. § 392.065 (Vernon 1999) does not waive immunity from suit for municipal
housing authorities. Section 392.065 provides in relevant part that a municipal housing authority
may “sue and be sued.” The Texas Supreme Court has held that “sue and be sued” language is quite
plain and gives general consent for a governmental body to be sued. Missouri Pacific Railroad
Company v. Brownsville Navigation District, supra at 813. AHA contends that the law in Texas has
been evolving and that the Texas Supreme Court has now departed from Missouri Pacific. We
disagree.
            First, we find that the holding in Missouri Pacific has never been overruled. Our review of
the cases citing Missouri Pacific indicates that the Texas Supreme Court has cited it several times
and that not once has it taken the opportunity to state that the case is no longer good law. See, e.g.,
Texas A&M University-Kingsville v. Lawson, 87 S.W.3d 518 (Tex.2002); Travis County v. Pelzel
& Associates, Inc., 77 S.W.3d 246 (Tex.2002); Texas Natural Resource Conservation Commission
v. IT-Davy, 74 S.W.3d 849 (Tex.2002); General Services Commission v. Little-Tex Insulation
Company, Inc., supra; Federal Sign v. Texas Southern University, 951 S.W.2d 401 (Tex.1997). As
Justice Jefferson recently wrote, before he became Chief Justice, “[W]e have little difficulty
recognizing the Legislature’s intent to waive immunity from suit when a statute provides that a state
entity may be sued.” Wichita Falls State Hospital v. Taylor, 106 S.W.3d 692, 696-97 (2003). In
addition, the United States Fifth Circuit Court of Appeals has stated that Missouri Pacific remains
controlling Texas authority for the proposition that “sue and be sued” language constitutes an express
waiver of immunity. Webb v. City of Dallas, Texas, 314 F.3d 787, 795 (5th Cir. 2002).
            This court has held that a waiver of sovereign immunity must be accomplished by clear and
unambiguous language. Gendreau v. Medical Arts Hospital, 54 S.W.3d 877, 878 (Tex.App. –
Eastland 2001, pet’n den’d). We have yet to rule, however, on the issue of whether a clear and
unambiguous waiver of immunity is accomplished by “sue and be sued” language. Most other
appellate courts have already addressed this issue. AHA is correct in asserting that some courts have
held that “sue and be sued” language does not waive the State’s immunity from suit. See, e.g.,
Satterfield & Pontikes Construction, Inc. v. Irving Independent School District, 123 S.W.3d 63, 66
(Tex.App. - Dallas 2003, pet’n filed); Jackson v. City of Galveston, 837 S.W.2d 868, 871 (Tex.App.
- Houston [14th Dist.] 1992, writ den’d); Townsend v. Memorial Medical Center, 529 S.W.2d 264,
267 (Tex.Civ.App. - Corpus Christi 1975, writ ref’d n.r.e.); Childs v. Greenville Hospital Authority,
479 S.W.2d 399, 401 (Tex.Civ.App. - Texarkana 1972, writ ref’d n.r.e.). Many other courts,
however, have held that “sue and be sued” language does waive immunity from suit. See, e.g.,
Goerlitz v. City of Midland, 101 S.W.3d 573, 577 (Tex.App. - El Paso 2003, pet’n filed); Tarrant
County Hospital District v. Henry, 52 S.W.3d 434, 448 (Tex.App. - Fort Worth 2001, no pet’n);
Welch v. Coca-Cola Enterprises, Inc., 36 S.W.3d 532, 538 (Tex.App. - Tyler 2000, pet’n
withdrawn); Bates v. Texas State Technical College, 983 S.W.2d 821, 827 (Tex.App. - Waco 1998,
pet’n den’d); Alamo Community College District v. Obayashi Corporation, 980 S.W.2d 745, 747-48
(Tex.App. - San Antonio 1998, pet’n den’d); Dillard v. Austin Independent School District, 806
S.W.2d 589, 594 (Tex.App. - Austin 1991, writ den’d)(op. on reh’g); Fazekas v. University of
Houston, 565 S.W.2d 299, 302 (Tex.Civ.App. - Houston [1st Dist.] 1978, writ ref’d n.r.e.).
            Until the Texas Supreme Court resolves this disagreement between the appellate courts, we
think that the best course of action is to follow Missouri Pacific – a case that has not been overruled
by the Texas Supreme Court, has been followed by the majority of Texas appellate courts, and is
considered controlling Texas authority by the United States Fifth Circuit Court of Appeals. We hold,
therefore, that the “sue and be sued” language of Section 392.065 of the Local Government Code
represents a clear and unambiguous waiver of immunity from suit and that the trial court had
jurisdiction in this case.
 
            We note, however, that our holding is limited to the language in this particular statute. There
may be other statutes, enacted more recently, in which “sue and be sued” language does not represent
a clear and unambiguous waiver of immunity. We believe that statutes should be construed on a
case-by-case basis; and, if the text and history of the statute leave room to doubt whether the
legislature intended to waive sovereign immunity, we may be less likely to find waiver. Wichita
Falls State Hospital v. Taylor, supra at 697. In this case, however, we have no reason to doubt the
legislature’s intent to waive sovereign immunity for municipal housing authorities.
            Duke has also filed a supplemental brief with this court in which it makes two additional
arguments. Duke first argues that AHA can never be a “unit of state government” because it is not
a part of the state and is instead excluded as a municipality, a special purpose district, or a political
subdivision. As we have already held, for purposes of Chapter 2260, a municipal housing authority
is a political subdivision of the state that is excluded from the statutory definition of “unit of state
government.” Section 2260.001. Our holding, however, is limited to Chapter 2260 of the Texas
Government Code. 
            Duke next argues that the district court had no jurisdiction to vacate its prior order
compelling the parties to arbitrate their construction contract dispute.
            In view of our ultimate ruling in this case, we need not answer that question. Based upon its
conclusion that it had no subject matter jurisdiction, the trial court set aside its order compelling the
parties to arbitrate this contract dispute. The trial court concluded that it had no jurisdiction because
of the application of Chapter 2260 of the Texas Government Code. We have held that the provisions
of Chapter 2260 do not apply in this case. Because the trial court withdrew this case from arbitration
based upon a contrary, erroneous conclusion, the order by which the trial court withdrew the case
from arbitration was likewise in error; and the same is set aside. Thus, the trial court’s “Order on
Plaintiff’s Application to Enforce Contractual Arbitration Agreement” remains in full force and
effect. The trial court’s order of May 28, 2002, dismissing this case is set aside.
            The judgment of the trial court is reversed, and this cause is remanded for further proceedings
consistent with this opinion.
 
June 23, 2005                                                                         JIM R. WRIGHT
Panel consists of: Arnot, C.J., and                                         JUSTICE
Wright, J., and McCall, J.