11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

Lamesa
Independent School District

Appellant

Vs.                   No. 11-03-00394-CV -- Appeal from Dawson County 

David
Booe d/b/a Booe Roofing Company

Appellee

 

This case arises out of a lawsuit brought by a contractor
against a school district.  The school
district filed a plea to the jurisdiction, asserting that it was immune from
suit.  The trial court disagreed and
denied the plea.  We affirm.

David Booe d/b/a Booe Roofing Company (Booe)
alleges that it was the primary provider of roofing installation and repair
services for Lamesa Independent School District (LISD) during the 1990s.  Following a severe hailstorm in April 1999,
Booe allegedly performed extensive repairs on several roofs owned by LISD.  Booe further alleges that LISD refused to pay
for these repairs.  Booe filed suit
against LISD on September 26, 2001.  On
August 5, 2003, Booe filed its Third Amended Original Petition in which it
sought to recover the value of goods and services provided for LISD=s benefit in the amount of
$145,400.  Booe alleged that an implied
contract existed between the parties or, in the alternative, that it was
entitled to recover money damages under the doctrine of quantum meruit.  On November 3, 2003, LISD filed its Second
Amended Plea to the Jurisdiction, arguing that it was immune from suit under
the doctrine of sovereign immunity.

On December 2, 2003, the trial court denied LISD=s plea to the jurisdiction.  In reaching its decision, the trial court
made the following conclusions of law: 
(1) TEX. EDUC. CODE ANN. '
11.151 (Vernon Supp. 2004 - 2005) waives sovereign immunity; (2) LISD waived
sovereign immunity when it accepted full performance of Booe=s work and refused to pay for the
services and material; (3) LISD waived sovereign immunity by its conduct during
the course of the litigation; and (4) the doctrine of sovereign immunity does
not apply to equitable remedies, including quantum meruit.  In four issues on appeal, LISD contests each
of the trial court=s
conclusions.  We believe that the first
issue, relating to the meaning of Section 11.151, is dispositive of this
appeal. 








Sovereign immunity encompasses two distinct areas:
(1) immunity from suit and (2) immunity from liability.  Gendreau v. Medical Arts Hospital, 54
S.W.3d 877, 878 (Tex.App. - Eastland 2001, pet=n
den=d). 
Immunity from suit bars an action against the school district unless
consent to sue has been expressly granted. 
See Texas Department of Transportation v. Jones, 8 S.W.3d 636,
638 (Tex.1999) (per curiam).  Without
consent to sue, a trial court lacks subject matter jurisdiction.  Texas Department of Transportation v.
Jones, supra.  Because the
determination of subject matter jurisdiction is a question of law, we review de
novo the trial court=s
ruling on a plea to the jurisdiction.  State
v. Gonzalez, 82 S.W.3d 322, 327 (Tex.2002).

In its first issue on appeal, LISD argues that the
trial court erred when it found that Section 11.151 waived a school district=s immunity from suit.  We disagree.

Section 11.151(a) provides:

(a) The trustees of an independent school district
constitute a body corporate and in the name of the
district may acquire and hold real and personal property, sue and be sued,
and receive bequests and donations or other moneys or funds coming legally into
their hands.  (Emphasis added)

 

A court=s
primary objective when construing a statute is to ascertain and give effect to
the legislature=s
intent.  Texas Department of
Transportation v. City of Sunset Valley, 146 S.W.3d 637, 642
(Tex.2004).  In discerning that intent,
the court begins with the plain and common meaning of the words used in the
statute.  State v. Gonzalez, supra.

The supreme court has held that Asue and be sued@
language is Aquite
plain and gives general consent@
for a governmental entity to be sued.  Missouri
Pacific Railroad Company v. Brownsville Navigation District, 453 S.W.2d
812, 813 (Tex.1970).  At least one
appellate court believes Missouri Pacific is no longer good law and has
written that the Asue and
be sued@ language
in Section 11.151 can Aeasily
be read as a designation to give a particular entity a legal existence in the
courts.@  Satterfield & Pontikes Construction,
Inc. v. Irving Indepedent School District, 123 S.W.3d 63, 66 (Tex.App. -
Dallas 2003, pet=n filed).








We do not believe, however, that Asue and be sued@
language can be read in such a manner. Such a construction contradicts the
plain meaning of Asue and
be sued@ as
articulated by the supreme court in Missouri Pacific. This court
believes that Missouri Pacific remains controlling precedent, and we
agree with the majority of appellate courts that Asue
and be sued@ language
quite plainly waives immunity from suit. 
Gene Duke Builders, Inc. v. Abilene Housing Authority, No.
11-02-00268-CV, 2005 WL 1475341, at *4-5 (Tex.App. - Eastland, June 23, 2005,
pet=n filed); see, e.g., City of Houston
v. Clear Channel Outdoor, Inc., 161 S.W.3d 3, 8 (Tex.App. - Houston [14th
Dist.] 2004, pet=n filed);
City of Lubbock v. Adams, 149 S.W.3d 820, 825 (Tex.App. - Amarillo 2004,
pet=n filed); City of Texarkana v. City
of New Boston, 141 S.W.3d 778, 787 (Tex.App. - Texarkana 2004, pet=n filed); United Water Services,
Inc. v. City of Houston, 137 S.W.3d 747, 755 (Tex.App. - Houston [1st
Dist.] 2004, pet=n filed);
Alamo Community College District v. Browning Construction Company, 131
S.W.3d 146, 154 (Tex.App. - San Antonio 2004, pet=n
filed); City of Mexia v. Tooke, 115 S.W.3d 618, 621 (Tex.App. - Waco
2003, pet=n
granted); Goerlitz v. City of Midland, 101 S.W.3d 573, 577 (Tex.App. -
El Paso 2003, pet=n filed);
Tarrant County Hospital District v. Henry, 52 S.W.3d 434, 448 (Tex.App.
- Fort Worth 2001, no pet=n);
Welch v. Coca-Cola Enterprises, Inc., 36 S.W.3d 532, 538 (Tex.App. -
Tyler 2000, pet=n
withdrawn by agr.); Dillard v. Austin Independent School District, 806
S.W.2d 589, 594 (Tex.App. - Austin 1991, writ den=d).

We also note that the legislature has recently
removed any lingering doubt about this issue by passing House Bill 2039,[1]
which expressly waives immunity from suit for local government entities,
including public school districts, that enter into contracts for the provision
of goods and services.  We overrule
appellant=s first
issue on appeal.

Because we hold that LISD=s
immunity from suit was clearly and unambiguously waived by the Asue and be sued@
language in Section 11.151, we need not address LISD=s
remaining issues on appeal.

The judgment of the trial court is affirmed.

 

August
31, 2005                                                                                   JIM
R. WRIGHT

Not
designated for publication.  See
TEX.R.APP.P. 47.2(a).                 JUSTICE

Panel consists of: Wright, J., and McCall, J.[2]











[1]Act of May 25, 2005, 79th Leg., R.S., H.B. 2039, ' 1 (to be codified at TEX. LOC. GOV=T CODE ANN. ''
271.151- 271.160, effective September 1, 2005).





[2]W. G. Arnot, III, Chief Justice, retired effective July
31, 2005.  The chief justice position is
vacant.