Opinion filed October 27, 2005

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-04-00157-CV 

 

                                                    __________

 

               ALLAN WADDELL AND SWEETWATER PROFESSIONAL

                     FIRE
FIGHTERS ASSOCIATION ET AL, Appellants

 

                                                             V.

 

                            CITY
OF SWEETWATER, TEXAS, Appellee

 



 

                                          On
Appeal from the 32nd District Court

 

                                                          Nolan
County, Texas

 

                                                   Trial
Court Cause No. 18,508

 



 

                                             M
E M O R A N D U M   O P I N I O N

 

This case arises out of a lawsuit brought against
the City of Sweetwater (the City) by several city firefighters[1]
and the Sweetwater Professional Fire Fighters Association.  The City filed a plea to the jurisdiction,
and the trial court dismissed the case with prejudice.  We reverse and remand.








Appellants sued the City for violations of the
Civil Service Act, TEX. LOC. GOV=T
CODE ANN. ch. 143 (Vernon 1999 & Supp. 2004 - 2005).  In their first cause of action, appellants
alleged that the City failed to promote firefighter Allan Waddell to the
position of Fire Marshal in accordance with the promotion procedures of Section
143.036.  In their second cause of action,
appellants alleged that the City failed to pay each firefighter the same base
salary in violation of Section 143.041. 
In their prayer for relief, appellants asked the trial court to declare
the City=s actions
unlawful, to order the City to promote Waddell, and to provide monetary damages
to him and the other named firefighters in the lawsuit.

The City filed a plea to the jurisdiction,
alleging that the trial court did not have subject matter jurisdiction over the
case.  In support of its plea, the City
argued: (1) that it possessed sovereign immunity from suit and (2) that
appellants lacked standing to sue the City. 
The trial court granted the plea but did not state the grounds on which
it based its ruling.

We review de novo the trial court=s ruling on a plea to the
jurisdiction.  See United Water
Services, Inc. v. City of Houston, 137 S.W.3d 747, 749 (Tex.App. - Houston
[1st Dist.] 2004, pet=n
filed).  A court deciding a plea to the
jurisdiction is not required to look solely to the pleadings but may consider
evidence and must do so when necessary to resolve the jurisdictional issues
raised.  Bland Independent School
District v. Blue, 34 S.W.3d 547, 555 (Tex.2000).  We do not look at the merits of the
case.  County of Cameron v. Brown,
80 S.W.3d 549, 555 (Tex.2002).  We construe
the pleadings liberally in favor of conferring jurisdiction.  Texas Department of Transportation v.
Ramirez, 74 S.W.3d 864, 867 (Tex.2002).

In their first issue on appeal, appellants argue
that the City=s immunity
from suit has been waived.  We agree.

Sovereign immunity protects the State, its
agencies and officials, and political subdivisions of the State from suit
unless immunity from suit has been waived. 
General Services Commission v. Little-Tex Insulation Company, Inc.,
39 S.W.3d 591, 594 (Tex.2001).  The
sovereign immunity of the State extends to municipalities when they are engaged
in governmental functions except when that immunity has been waived.  See United Water Services, Inc. v. City of
Houston, supra at 750. The immunity of counties, cities, school districts,
and other political subdivisions of the State is referred to as governmental
immunity.  See Wichita Falls State
Hospital v. Taylor, 106 S.W.3d 692, 694 n.3 (Tex.2003).








Governmental immunity encompasses two principles:
(1) immunity from suit and (2) immunity from liability.  Travis County v. Pelzel & Associates,
Inc., 77 S.W.3d 246, 248 (Tex.2002); Gendreau v. Medical Arts Hospital,
54 S.W.3d 877, 879 (Tex.App. - Eastland 2001, pet=n
den=d). 
Immunity from liability does not affect a court=s
jurisdiction to hear a case.  Texas
Department of Transportation v. Jones, 8 S.W.3d 636, 638 (Tex.1999).  Immunity from liability is not properly
presented in a plea to the jurisdiction; it must be pleaded and proved as an
affirmative defense.  City of San
Antonio v. Butler, 131 S.W.3d 170, 174 (Tex.App. - San Antonio 2004, pet=n filed).  The relevant issue before this court is
immunity from suit.

Immunity from suit can be waived only by
legislative consent or constitutional amendment.  Wichita Falls State Hospital v. Taylor,
supra at 695.  Such a waiver must
be expressed by clear and unambiguous language. 
Wichita Falls State Hospital v. Taylor, supra at 696; Gendreau
v. Medical Arts Hospital, supra at 878.

The City=s
charter states in relevant part:  AThe City of Sweetwater...may sue and be
sued.@ The
Texas Supreme Court has held that Asue
and be sued@ language
is quite plain and gives general consent for a governmental body to be
sued.  Missouri Pacific Railroad
Company v. Brownsville Navigation District, 453 S.W.2d 812, 813 (Tex.1970).








This court believes that Missouri Pacific remains
controlling precedent upon intermediate appellate courts until changed by our
supreme court, and we agree with the majority of appellate courts that Asue and be sued@
language waives immunity from suit.[2]  See, e.g., City of Houston v. Clear Channel
Outdoor, Inc., 161 S.W.3d 3 (Tex.App. - Houston [14th Dist.] 2004, pet=n filed); City of Lubbock v. Adams,
149 S.W.3d 820, 825 (Tex.App. - Amarillo 2004, pet=n
filed); City of Texarkana v. City of New Boston, 141 S.W.3d 778, 787
(Tex.App. - Texarkana 2004, pet=n
filed); United Water Services, Inc. v. City of Houston, supra at 755; Alamo
Community College District v. Browning Construction Company, 131 S.W.3d
146, 154 (Tex.App. - San Antonio 2004, pet=n
filed); City of Mexia v. Tooke, 115 S.W.3d 618, 621 (Tex.App. - Waco
2003, pet=n
granted); Goerlitz v. City of Midland, 101 S.W.3d 573, 577 (Tex.App. -
El Paso 2003, pet=n filed);
Tarrant County Hospital District v. Henry, 52 S.W.3d 434, 448 (Tex.App.
- Fort Worth 2001, no pet=n);
Welch v. Coca-Cola Enterprises Inc., 36 S.W.3d 532, 538 (Tex.App. -
Tyler 2000, no pet=n); Dillard
v. Austin Independent School District, 806 S.W.2d 589, 594 (Tex.App. -
Austin 1991, writ den=d).

We hold that the City=s
charter clearly and unambiguously waives the City=s
immunity from suit.  The trial court,
therefore, should not have dismissed the case based on the doctrine of
governmental immunity.  We sustain
appellant=s first
issue on appeal.   

In their third issue on appeal, appellants argue
that they possess standing to sue the City for violations of the Civil Service
Act.  We agree.

The standing doctrine identifies those suits that
are appropriate for judicial resolution. 
Brown v. Todd, 53 S.W.3d 297, 305 (Tex.2001).  Under Texas law, standing limits subject
matter jurisdiction to cases involving a distinct injury to the plaintiff and a
real controversy between the parties that will actually be determined by the
judicial declaration sought.  Brown v.
Todd, supra.

The standard of review for an order of dismissal
for lack of standing is the same as that for an order of dismissal for lack of
subject matter jurisdiction.  Texas
Association of Business v. Texas Air Control Board, 852 S.W.2d 440, 446
(Tex.1993).  Thus, we construe the
pleadings in favor of the plaintiff and look to the pleader=s intent.  Huston v. Federal Deposit Insurance
Corporation, 663 S.W.2d 126, 129 (Tex.App. - Eastland 1983, writ ref=d n.r.e.).

An individual, to meet the requirements for
standing, must show that (1) he suffered an Ainjury
in fact@; (2) the
injury is Afairly...trace[able]
to the challenged action of the defendant@;
and (3) it is likely, and not merely speculative, that the injury will be
redressed by a favorable decision.  See
Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).

An association, to meet the requirements for
standing, must show that (1) its members would otherwise have standing to sue
in their own right, (2) the interests it seeks to protect are germane to the
organization=s
purpose, and (3) neither the claim asserted nor the relief requested requires
the participation of individual members in the lawsuit.  Texas Association of Business v. Texas Air
Control Board, supra at 447.

Waddell meets the standing requirements.  Waddell alleged a distinct injury:  the denial of a promotion in violation of the
Civil Service Act.  Because the City is
allegedly responsible for promotion decisions, this denial is fairly traceable
to the actions of the defendant. 
Further, if Waddell is successful in court, the court has the power to
order the City to grant Waddell the relief he seeks.








The other named plaintiffs also meet the standing
requirements.  They alleged a distinct
injury:  the denial of the same salary
received by the firefighter designated as Fire Marshal.  Because the City is allegedly responsible for
salary decisions, this denial is fairly traceable to the actions of the
defendant.  If these other named
plaintiffs are successful in the trial court, the trial court has the power to
order the City to provide each of the named plaintiffs the relief they seek.

Finally, the Sweetwater Professional Fire Fighters
Association meets the standing requirements for an organization.  The Association is a labor organization which
represents firefighters employed by the Sweetwater Fire Department.  Its members, therefore, would have standing
to sue in their own right.  Further, the
Association=s purpose
is to promote the employment rights of its members and to improve their working
conditions.  This lawsuit is germane to
that purpose because, if plaintiffs are successful, the Association=s members will benefit from a salary
system in compliance with the Civil Service Act.  Finally, although the participation of
Waddell and the other named plaintiffs is necessary for the monetary damages
that are being sought by those named individuals, the participation of
individual firefighters is not necessary for the declaratory relief that is
being sought.

Construing the pleadings in favor of the
plaintiffs, we hold that each of the plaintiffs have standing to sue the City
for violations of the Civil Service Act. 
We sustain appellants=
third issue on appeal.

We need not rule on appellants= second issue on appeal (whether the
trial court erred in dismissing the case with prejudice) because we have
concluded that the case should not have been dismissed for lack of subject
matter jurisdiction.  TEX.R.APP.P. 47.1.

The judgment of the trial court is reversed, and
the cause is remanded for proceedings consistent with this opinion.

 

JIM R. WRIGHT

October
27, 2005                                                                    CHIEF
JUSTICE

Not designated for publication. 
See TEX.R.APP.P. 47.2(a).

Panel consists of:  Wright,
C.J., and McCall, J.

Strange, J., not participating.











[1]The named firefighters are Allan Waddell, Timothy
Cliburn, Billy Villanueva, Marshall Kiser, Eric Reed, Jarrod Campbell, Chris
Soles, Todd Donham, Kerry Baker, Patrick O=Neal,
Paul King, and Jeff Schoenfield.





[2]This court has recently held that, in some cases, Asue and be sued@ language
might not represent a clear and unambiguous waiver of immunity from suit,
depending on the text and history of the statute.  See Gene Duke Builders, Inc. v. Abilene
Housing Authority, 168 S.W.3d 215 (Tex.App. B Eastland
2005, pet=n filed).  In most
cases, however, including this one, we believe that Asue and be sued@ language
clearly and unambiguously waives immunity from suit.