**THE CITY OF COLORADO CITY, Texas, A Municipal Corporation, Appellant**

v.

**Connie PONKO, Appellee.**

No. 11–06–00225–CV.

Court of Appeals of Texas, Eastland.

March 8, 2007.

Julia Gannaway, Bettye Lynn, Lynn, Pham & Ross, LLP, Attorneys At Law, Lois A. Rockefeller, City Attorney City of Colorado City Wagstaff, Alvis, Stubbeman, Seamster & Longacre, LLP, Abilene, for appellant.

Holly B. Williams, Williams Law Firm, P.C., Attorney At Law, Midland, for appellee.

Panel consists of: WRIGHT, C.J., McCALL, J., and STRANGE, J.

## OPINION

JIM R. WRIGHT, Chief Justice.

In this interlocutory appeal, the City of Colorado City, Texas, a municipal corporation, appeals the trial court's denial of the City's plea to the jurisdiction. We affirm.

Connie Ponko began working for the City in approximately 1987. During her employment with the City, she served in various capacities and, at one time, had human resources responsibilities. During her employment with the City, Ponko became familiar with the City's human resources practices. Ponko knew that the city council had approved certain policies on an as-needed basis dealing with sick leave and harassment and discrimination. Ponko knew that the City had never adopted a grievance procedure for City employees other than for the police department. She had been asked approximately four times during her employment to confirm whether the 1980 policy was ever adopted. It never was. She was instructed to review the minutes, resolutions, and ordinances of council meetings to confirm that the policy was never adopted. At one point during her employment, Ponko was instructed by the city attorney to stop handing out the 1980 policy because it was not a valid document.

Ponko was informed on January 5, 2006, that her position was being terminated. Her last day of employment was January 20, 2006. On April 4, Ponko sent a letter to the City. The contents of the letter were as follows:

It is my understanding that the City of Colorado City does not have a grievance policy. If I am incorrect, please provide me immediately with a copy of the policy. It is my belief that the termination of my employment was wrongful.

On April 5, the day after she put her letter in the mail, Ponko sued the City for wrongful termination under the Whistleblower Act. TEX. GOV'T CODE ANN. ch. 554 (Vernon 2004). The letter was received by the City on April 7. The City filed an answer and plea to the jurisdiction on May 12, 2006. A hearing on the plea to the jurisdiction was held on June 29, 2006. At the hearing, the trial court was presented with the city manager's response to Ponko's letter, which consisted of portions of a document entitled "City of Colorado City Personnel Policy, May 1980"; an acknowledgment that the policy was never adopted by the city council; and a copy of Section 504 of the Rehabilitation Act of 1973, pertaining to a grievance procedure for "qualified handicapped" persons who are "subjected to discrimination under any program or activity receiving federal financial assistance." Specifically, the city manager's letter to Ponko stated:

> Please find the attached copy of Resolution 96–01 which approved a Section 504 Resolution regarding the 504 Grievance Procedures.

> Please also find a copy of a page 13 and page 14 of the 1980 Personnel Manual which is relative to a grievance procedure which was apparently utilized by the City and handed out to employees over the years and which was apparently never approved by the City Council by Resolution or Ordinance.

In the August 9, 2006 order, the trial court denied the City's plea to the jurisdiction and abated the matter for sixty days. The City timely filed this interlocutory appeal pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (Vernon Supp.2006). On appeal, among other issues, the City contends that Ponko did not satisfy the statutory prerequisites of the Whistleblower Act and that such failure precluded the trial court from having jurisdiction over the suit. See Section 554.006. Because this issue is dispositive of the appeal, we need not address the other issues.

■ This court has jurisdiction to review an interlocutory order of a district court that grants or denies a plea to the jurisdiction by a governmental unit. See Section 51.014(a)(8). We review de novo the trial court's ruling on a plea to the jurisdiction. Tex. Natural Res. Conservation Comm'n v. IT–Davy, 74 S.W.3d 849, 855 (Tex.2002). A court deciding a plea to the jurisdiction is not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 555 (Tex.2000). We do not look at the merits of the case. County of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex.2002). We construe the pleadings liberally in favor of conferring jurisdiction. Texas Dep't of Transp. v. Ramirez, 74 S.W.3d 864, 867 (Tex.2002).

■ In Texas, sovereign immunity deprives a trial court of subject-matter jurisdiction for lawsuits in which the State or certain governmental units have been sued unless the State consents to suit. Tex. Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 224 (Tex.2004). Sovereign immunity consists of two separate principles: immunity from suit and immunity from liability. Id. Immunity from liability is an affirmative defense; while immunity from suit deprives a court of subject-matter jurisdiction. Id. Sovereign immunity is waived only when the legislature has clearly and unambiguously expressed that intent. See TEX. GOV'T CODE ANN. § 311.034 (Vernon 2005).

Section 554.0035 of the Whistleblower Act contains the following provision:

A public employee who alleges a violation of this chapter may sue the employing state or local governmental entity for the relief provided by this chapter. Sovereign immunity is waived and abolished to the extent of liability for the relief allowed under this chapter for a violation of this chapter.

The Texas Supreme Court states that the above section is an example of a statute that shows the legislature's intent to waive immunity. *Wichita Falls State Hosp. v. Taylor,* 106 S.W.3d 692, 696 (Tex.2003); *see also Montgomery County Hosp. Dist. v. Smith,* 181 S.W.3d 844, 851–52 (Tex. App.—Beaumont 2005, no pet.); *City of New Braunfels v. Allen,* 132 S.W.3d 157, 164 n. 11 (Tex.App.—Austin 2004, no pet.).

Section 554.006(a) of the Whistleblower Act requires that a claimant "must initiate action under the grievance or appeal procedures of the employing state or local governmental entity relating to suspension or termination of employment or adverse personnel action before suing under [the Act]." We have held, contrary to some courts of appeals, that the statutory requisites of Section 554.006 are jurisdictional. *Midland Indep. Sch. Dist. v. Watley,* No. 11–04–00262–CV, 2006 WL 1451565, 216 S.W.3d 374 (Tex.App.—Eastland, May 25, 2006, no pet.); *but see Montgomery County Hosp. Dist.,* 181 S.W.3d at 853 (holding that the language in Section 554.006 does

not evidence a clear and unambiguous intent to waive sovereign immunity and acknowledging the split among courts of appeals on whether compliance with Section 554.006 is a requisite to establishing jurisdiction). The Texas Supreme Court has declined thus far to answer that question. *Univ. of Tex. Med. Branch at Galveston v. Barrett,* 159 S.W.3d 631, 632–33 (Tex.2005) ("We need not decide here whether the failure to meet these requirements deprives the court of jurisdiction over the action."). Subsequent to *Barrett,* the legislature added a sentence to Section 311.034 that reads: "Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity."

■ Since *Barrett* and *Watley,* we have held that "the legislature intended to make clear that a governmental entity's immunity from suit for a whistleblower claim is conditioned upon timely filing a grievance." *Med. Arts Hosp. v. Robison,* 216 S.W.3d 38, 40 (Tex.App.—Eastland, 2006, no pet.); *see also Montgomery County Hosp. Dist.,* 181 S.W.3d at 852. This case presents a different question than other cases that have dealt with unclear grievance procedures or grievance procedures that were not strictly complied with by the claimant.[1] In this case, there is no grievance procedure. The language of the statute requires that "the" grievance proce-

---

1. *Med. Arts Hosp. v. Robison,* 2006 WL 3679999, at *2; *Montgomery County Hosp. Dist.,* 181 S.W.3d 844; *Tex. Dep't of Criminal Justice v. McElyea,* 153 S.W.3d 155 (Tex. App.—Austin 2004, no pet.); *Caldwell County Sheriff's Office v. Crider,* No. 03–02–00321–CV, 2003 WL 21354690 (Tex.App.—Austin, June 12, 2003, writ den'd); *Berry v. Bd. of Regents, Tex. S. Univ.,* 116 S.W.3d 323 Tex. App.—Houston [14th Dist.] 2003, pet. denied); *City of Houston v. Kallina,* 97 S.W.3d 170 (Tex.App.—Houston [14th Dist.] 2002, pet. denied); *Fort Bend Indep. Sch. Dist. v. Rivera,* 93 S.W.3d 315, 320 n. 4 (Tex.App.—

Houston [14th Dist.] 2002, no pet.) (noting that the court's conclusion does not address requirements under Section 554.006(a) when employer has no grievance procedure); *Johnson v. The City of Dublin,* 46 S.W.3d 401 (Tex.App.—Eastland 2001, pet. denied); *Univ. of Tex. Med. Branch at Galveston v. Hohman,* 6 S.W.3d 767 (Tex.App.—Houston [1st Dist.] 1999, writ dism'd w.o.j.); *Curbo v. State of Texas, Office of the Governor,* 998 S.W.2d 337 (Tex.App.—Austin 1999, no pet.); *Beiser v. Tomball Hosp. Auth.,* 902 S.W.2d 721 (Tex. App.—Houston [1st Dist.] 1995, writ denied).

dure be initiated and that "the applicable grievance or appeal procedure" be invoked. Section 554.006(a), (b). Such language implies that a grievance procedure is in place. A governmental entity cannot take the benefit of the policy underlying Section 554.006(b)—to give the employer the opportunity to correct its own errors by resolving disputes before being subjected to the expense and effort of litigation—by challenging subject-matter jurisdiction when no grievance procedure is in place. Section 554.006(b); *Breaux v. City of Garland,* 205 F.3d 150, 163 (5th Cir.2000). Any notice requirement in Section 554.006 is a reference to the applicable grievance process and not general notice of a whistleblower claim. *Montgomery County Hosp. Dist.,* 181 S.W.3d at 850.

■ Section 554.005 provides that, "[e]xcept as provided by Section 554.006,[2] a public employee who seeks relief under this chapter must sue not later than the 90th day after the date on which the al-

leged violation of this chapter occurred." Section 554.005(1). When there is no procedure with which to comply under Section 554.006, claimants should not be barred from filing their claim within the ninety-day period allowed under Section 554.005.

 Ponko timely filed her suit within the ninety-day period. We hold that failure to comply with Section 554.006 does not deprive the court of jurisdiction when it is undisputed that no grievance procedure is in place and when the suit was otherwise timely filed. The trial court did not err in denying the City's plea to the jurisdiction.

The judgment of the trial court is affirmed.

---

2. Section 554.006(a), (b) of the Texas Government Code reads in relevant part:

    (a) A public employee must initiate action under the grievance or appeal procedures of the employing state or local governmental entity relating to suspension or termination of employment or adverse personnel action before suing under this chapter.

    (b) The employee must invoke the applicable grievance or appeal procedures not later than the 90th day after the date on which the alleged violation of this chapter:

    (1) occurred; or

    (2) was discovered by the employee through reasonable diligence.