NUMBER 13-09-00253-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


DAMON LEE WOOD, Appellant,


v.
 


COASTAL BEND COLLEGE AND SANDRA GARZA, Appellees.

 


On appeal from 156th District Court 


of Bee County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Rodriguez



 Appellant Damon Lee Wood, pro se, challenges the trial court's order granting
appellees Coastal Bend College (the College) and Sandra Garza's motion to dismiss for
lack of jurisdiction based on governmental immunity. (1) By twelve issues, which we
renumber and reorganize as four, see Tex. R. App. P. 47.1, Wood argues that the trial court
erred in dismissing his suit because: (1) appellees waived their right to governmental
immunity by failing to raise it as an affirmative defense in their original pleadings; (2) the
College has no immunity because it has been waived by statute or by its actions; (3) Garza
does not have immunity because "local governmental units do not extend [governmental]
immunity to [their] employees" and "Garza acted outside the scope of her authority"; and
(4) attorney Melissa Mihalick had no "legal standing" to represent appellants. (2) We affirm.

I. Background

 It is undisputed that Wood was an inmate at the McConnell Unit located in Bee
County, Texas, and enrolled in an automotive transmission course offered by the College
through the Texas Department of Criminal Justice (TDCJ) continuing education program. 
On August 11, 2006, Wood signed a Vocational Class Placement form requesting the
automotive transmission course. The form set out that Wood understood "that upon
enrollment in any college program, [he would] be required to either pay costs at registration
or reimburse the State for all tuition, fees and test costs after release." (3) Garza, an
employee of the College, signed the form "S. Garza--CBC" as "Counselor/Assessment
Specialist."

 The record reveals that Wood began the automotive transmission course in the fall
of 2006. The course was scheduled to end in the spring of 2007; however, several classes
were cancelled due to teacher absences and others were interrupted due to a "lock-down"
at the McConnell unit. Make-up classes were offered. Wood attended two of the make-up
classes and then chose to drop the course.

 Subsequently, Wood filed a series of grievances with TDCJ, complaining about the
College's automotive transmission program, specifically questioning the quality of the
teaching and the number of make-up classes offered by the College. Wood requested an
additional two months to complete the course work or, in the alternative, an opportunity to
take the automotive transmission course or another course at no charge. TDCJ
determined that, under its policy, Wood's action in dropping the course was unexcused and
that no further action would be taken.

 Wood also filed a lawsuit against the College and Garza contending, among other
things, that the College failed to offer the correct number of make-up classes. Wood
sought to recover actual and punitive damages in the total amount of $59,999.00. The
College and Garza filed a motion to dismiss Wood's claims for lack of jurisdiction on the
grounds that the College was a governmental entity immune from lawsuits such as the one
filed by Wood and that Garza, an employee of the College acting within her official
capacity, was also immune from suit. The trial court granted the motion and dismissed
Wood's claims. Wood's motion for new trial was overruled by operation of law. See Tex.
R. Civ. P. 329b(c). This appeal ensued.

II. Standard of Review and Applicable Law

 "A motion to dismiss based on a lack of subject matter jurisdiction is the functional
equivalent to a plea to the jurisdiction challenging the trial court's authority to determine the
subject matter of a cause of action." Del Mar College Dist. v. Vela, 218 S.W.3d 856, 861
(Tex. App.-Corpus Christi 2007, no pet.); see Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d
547, 554 (Tex. 2000). "Whether a court has subject matter jurisdiction is a question of law
subject to de novo review." Id. (citing Tex. Dep't of Parks & Wildlife v. Miranda, 133
S.W.3d 217, 226 (Tex. 2004); Tex. Natural Res. Conservation Comm'n v. IT-Davy, 74
S.W.3d 849, 855 (Tex. 2002)).

 "Governmental immunity protects political subdivisions of the State from lawsuits for
damages." Harris County Hosp. Dist. v. Tomball Reg'l Hosp., 283 S.W.3d 838, 843 (Tex.
2009). The College is a governmental unit organized under section 130 of the Texas
Education Code through a "Junior College District" and is a political subdivision of the
state. See Tex. Educ. Code Ann. §§ 130.001-.211 (Vernon 2002); see also Tex. Civ.
Prac. & Rem. Code Ann. § 101.001(3)(A) & (B) (Vernon 2005) (defining "[g]overnmental
unit" as "this state and all the several agencies of government that collectively constitute
the government of this state" and as "a political subdivision of this state, including any . . .
junior college district").


III. Discussion

A. Waiver of Immunity By Failing to Raise Defense

 By his first issue, Wood argues that the College and Garza waived their right to
governmental immunity because they failed to raise an immunity defense in their original
pleadings. We disagree.

 "Governmental immunity, like the doctrine of sovereign immunity to which it is
appurtenant, involves two issues: whether the State has consented to suit and whether
the State has accepted liability." Harris County Hosp. Dist., 283 S.W.3d at 843. "Immunity
from suit is jurisdictional and bars suit; immunity from liability is not jurisdictional and
protects from judgments." Id.; see Tex. Dep't of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex.
1999) (per curiam). Immunity from liability, like any other affirmative defense challenging
liability, must be pleaded or else is waived because it "does not affect a court's jurisdiction
to hear a case." Jones, 8 S.W.3d at 638. "In contrast, immunity from suit bars an action
against the state unless the state expressly consents to the suit." Id. When a plaintiff sues
a governmental entity or official, he must affirmatively demonstrate the trial court's
jurisdiction by alleging a valid waiver of immunity from suit. Dallas Area Rapid Transit v.
Whitley, 104 S.W.3d 540, 542 (Tex. 2003); City of Alton v. Sharyland Water Supply Corp.,
145 S.W.3d 673, 678 (Tex. App.-Corpus Christi 2004, no pet.). "[A]bsent the state's
consent to suit, a trial court lacks subject matter jurisdiction." Jones, 8 S.W.3d at 638. 
Importantly, "[s]ubject matter jurisdiction is an issue that may be raised for the first time on
appeal; it may not be waived by the parties." Tex. Ass'n of Bus. v. Tex. Air Control Bd.,
852 S.W.2d 440, 445 (Tex. 1993).

 The motion to dismiss filed by the College and Garza was based on immunity from
suit and lack of subject matter jurisdiction. Because an immunity challenge is jurisdictional
and can be raised at any time, Wood's argument that the College and Garza waived
immunity by not pleading it in their original pleadings is not persuasive. We overrule
Wood's first issue.

B. Waiver of Immunity By Statute or Actions In his second and third issues, Wood generally contends that the trial court erred
in dismissing his case against the College because it has no governmental immunity and
because governmental immunity does not extend to Garza. Wood specifically asserts the
following:

 [T]he Trustees, Board Members and all other employees of Coastal Bend
College NEVER actually had the right to [governmental] Immunity because
. . . the TEXAS Educational Code sec. 130.001 lists Coastal Bend College
. . . as a two (2) year Junior Community College as of 2006 . . . and the Civil
P. & Rem. Code 101.001(3) . . . states that local governmental units do not
extend [governmental] Immunity to its employees. See DALLAS COUNTY
COMMUNITY COLLEGE DISTRICT v. BOLTON, 990 [S.W.]2d 465 at 467,
opinion section- third (3rd.) paragraph, which states: The definition of
governmental units contained in section 101.001 (3) (of the C.P.R.C.)
however, DOES NOT include employees or officials of (local) governmental
units. See also JOHNSON v. RESENDEZ, 05-98-00798-CV, slip op. at 8,
1999 WL 161019 (Tex. App.-Dallas, march 25, 1999, no pet. h.).


(Emphases in original.) Wood also argues that governmental immunity for school districts,
including this junior college district, has been waived by section 11.151 of the Texas
Education Code. See Tex. Educ. Code Ann. § 11.151 (Vernon 2006).

1. The College

 Challenging the College's immunity, Wood refers us to section 130.001 of the
education code, which provides for the creation and governance of public junior college
districts. See id. § 130.001 (Vernon 2002). Wood argues that through section 11.151 of
the education code immunity for such districts has been waived. See id. § 11.151(a). 

 Section 11.151(a) provides the following: "The trustees of an independent school
district constitute a body corporate and in the name of the district may acquire and hold
real and personal property, sue and be sued, and receive bequests and donations or other
moneys or funds coming legally into their hands." Id. (emphasis added). Although section
11.151(a) includes the "sue and be sued" language, the supreme court has explained that
"[w]hen an entity's organic statute provides that the entity may 'sue and be sued,' the
phrase in and of itself does not mean that immunity to suit is waived." Harris County Hosp.
Dist., 283 S.W.3d at 843 (construing Texas Health and Safety Code section 281.056,
which provides that the board of managers for a hospital district "may sue and be sued")
(citing Tooke v. City of Mexia, 197 S.W.3d 325, 337 (Tex. 2006)). Moreover, while the
Eastland Court of Appeals "believe[s] that [s]ection 11.151(a) of the [e]ducation [c]ode is
a general waiver of immunity from suit," it also "conclude[d] that the application of section
11.151(a) is limited by the [Texas] Tort Claims Act [(TTCA)]." Midland Indep. Sch. Dist. v.
Watley, 216 S.W.3d 374, 382 (Tex. App.-Eastland 2006, no pet.). In the present case,
assuming without deciding that section 11.151(a) of the education code is a general waiver
of immunity to suit, we conclude, as did our sister court in Watley, that the application of
section 11.151(a) is limited by the TTCA. See id.; see also Tex. Civ. Prac. & Rem. Code
Ann. §§ 101.001-.109 (Vernon 2005 and Vernon Supp. 2009). Likewise, we conclude that
a general waiver of immunity from suit, if any, is limited by the government code. See Tex.
Loc. Gov't. Code Ann. §§ 271.151-.152 (Vernon 2005).

 Chapter 101 of the TTCA waives a governmental unit's immunity from suit for claims
involving property damage, personal injury, and death under certain circumstances
enumerated under the statute. See Tex. Civ. Prac. & Rem. Code Ann. § 101.021. And
pursuant to section 101.051, school districts and junior colleges are expressly excluded
from the waiver except as to motor vehicles. See id. § 101.051 (Vernon 2005). This case
does not involve the operation of a motor vehicle. Therefore, under the facts of this case,
there is no waiver of immunity under the TTCA.

 In addition, in 2005 the Legislature enacted a statute providing a limited waiver of
immunity for claims involving contracts with local governmental entities, including junior
college districts. See Tex. Loc. Gov't. Code Ann. § 271.151(3)(B) (defining, under this
subchapter involving adjudication of claims arising under written contracts with local
governmental entities, a "[l]ocal governmental entity" to include a "junior college district"). 
Chapter 271 of the Texas Local Government Code provides the following waiver of
immunity to suit:

 A local governmental entity that is authorized by statute or the constitution
to enter into a contract and that enters into a contract subject to this
subchapter waives sovereign immunity to suit for the purpose of adjudicating
a claim for breach of the contract, subject to the terms and conditions of this
subchapter.


Id. § 271.152. A "[c]ontract subject to this subchapter" is defined as "a written contract
stating the essential terms of the agreement for providing goods or services to the local
governmental entity that is properly executed on behalf of the local governmental entity." 
Id. § 271.151(2). Section 271 does not apply under the facts of this case. Wood was not
a vendor providing goods and services to the College pursuant to a written contract. 
Therefore, the contract, if any, about which Wood complains does not provide the basis
for waiver of immunity from suit under the government code.

 In further support of his waiver argument, Wood relies on Dallas County Cmty.
College Dist. v. Bolton (Bolton I). See 990 S.W.2d 465, 466-68 (Tex. App.-Dallas 1999,
no pet.). In Bolton I, the Dallas County Community College District (DCCCD) filed an
interlocutory appeal from the trial court's denial of its plea to the jurisdiction arguing "only
that the trial court should have dismissed the suit because it [was] immune from liability." 
Id. at 466, 468. Because DCCCD did not challenge the trial court's determination
regarding immunity from suit, the Dallas Court of Appeals affirmed "the trial court's order
denying DCCCD's motion to dismiss for lack of subject matter jurisdiction on that basis." 
Id. at 468. The immunity addressed in Bolton I was immunity from liability, which does not
implicate subject matter jurisdiction; the issue in this case is immunity from suit, which
does. Thus, we conclude that Wood's reliance on Bolton I is misplaced.

 In his reply brief, Wood develops his assertion that immunity has been waived
because "[w]hen [the College] charged and collected the full tuition for an allegedly
completed . . . vocational course, its collection was illegal and unwarranted . . . ." 
(Emphases in original.) Wood relies on Dallas County Cmty. College Dist. v. Bolton
(Bolton II) as authority for this contention. See 185 S.W.3d 868 (Tex. 2004).

 It is well settled that one whose rights have been violated by the unlawful action of
a state official may bring a suit to remedy or prevent the violation and that suit is not a suit
against the State requiring legislative or statutory authorization. See, e.g., Dir. of the Dep't
of Agric. & Env't v. Printing Indus. Ass'n, 600 S.W.2d 264, 265-66 (Tex. 1980). In Bolton
II, the supreme court reviewed a final judgment entered after a jury trial in a class action
lawsuit. 185 S.W.3d at 870. The Bolton II class challenged a technology fee charged by
the District as illegal. Id. The issue of sovereign immunity was not specifically addressed
by the majority in Bolton II. Instead, the supreme court held "that the Texas Education
Code authorized the District to impose the technology fee." Id. In other words, the
supreme court concluded that no unauthorized fee was involved. See id.

 In the present case, the College charged Wood tuition for the automotive
transmission course. See id. at 874-75 (providing that the "Legislature intended to provide
public junior college districts with discretion to set both tuition and fees at appropriate levels
as long as the districts comply with certain statutory requirements"). Wood points us to no
unauthorized fee charged by the College. Instead, he assets that,

 this case does pertain to a [sic] illegal collection of appellants [sic] tuition for
the second half of the semester, which was not offered by the appellees in
its entirety, thus breaching contract [sic], which is not a GOOD FAITH ACT
WITHIN [the College's] scope of authority, nor within its contractual scope
of authority. Therefor, waiving [the College's] right to immunity . . . .


 Based on the foregoing, we cannot construe this as an illegal-fee case that would
subject the College to suit as Wood argues. The parties address Wood's claims as breach
of contract claims, and we will do likewise. Thus, this argument also fails. (4)

2. Garza

 Challenging Garza's immunity, Wood first contends that Garza, an employee of the
College, is not entitled to immunity from suit because the definition of a "governmental unit"
does not include employees or officials of local governmental units. Wood appears to rely
on Bolton I for his asserted proposition of law. See 990 S.W.2d at 467. In Bolton I, the
Dallas Court of Appeals concluded that because "governmental units," as defined by
section 101.001(3), did not include employees or officials of governmental units, section
51.014(a)(8), which allows for the interlocutory appeal by a governmental unit as the term
is defined in section 101.001, did not confer jurisdiction over an interlocutory appeal
brought by members of the Board of Trustees for DCCCD who sued in their official
capacities. Id.; see Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon 2005); id.
§ 101.001(3). The present case does not involve an interlocutory appeal. Therefore,
Wood's argument and his reliance on Bolton I for this contention are again misplaced. 
Moreover, contrary to Wood's argument, "[p]ersons sued in their official capacity may raise
any defense available to the governmental unit, including sovereign [or governmental]
immunity." Nueces County v. Ferguson, 97 S.W.3d 205, 214 (Tex. App.-Corpus Christi
2002, no pet.).

 Wood also asserts that Garza is not entitled to immunity because she acted outside
the scope of her authority "in bad faith by denying [him] the correct number of class days
owed to him." Wood claims that Garza knowingly made false statements to him because
his "class was to be six (6) hours a day, five (5) days per week, totaling one hundered [sic]
and twenty (120) days," and he was owed six weeks to finish out the class. He argues that
Garza's actions were "unconstitutional,[ (5)] illegal, wrongful" and "beyond statutory authority";
thus, she is "not immunized by governmental immunity."

 On April 3, 2007, Garza wrote the following letter to Wood:

 The make-up time will begin on April 23, 2007. You are only owed 19 days
of make-up which does not equal 6 weeks. However, I have added extra
days to the make-up time. You may attend the make-up session or
voluntarily drop the last two classes. This will be an unexcused drop.


Garza wrote the letter on the College's stationary and signed it as "coordinator [of] Prison
Programs." Wood complains of this action.

 Wood argues that he sued Garza and other College employees in their individual
capacity; however, in his petition, Wood identified Garza as the "prison program
Coordinator for Coastal Bend College." He described all defendant/respondents "at all
times mentioned herein," as "employee's [sic] of the Texas Department of Criminal Justice-Institutional Division, OR Coastal Bend College." His complaints are only of actions Garza
took as an employee of the College, i.e., actions involving her duties as a governmental
employee. The petition contains no claims against Garza as an individual. Moreover,
Wood's arguments regarding Garza acting outside the scope of her authority and in her
individual capacity are not supported by the facts set out in the record. See Gomez v.
Hous. Auth. of El Paso, 148 S.W.3d 471, 482 (Tex. App.-El Paso 2004, pet. denied)
(finding no individual claim against a defendant where the complained-of actions involved
her duties as a government employee); Terrell v. Sisk, 111 S.W.3d 274, 281-82 (Tex.
App.-Texarkana 2003, no pet.) (holding that a judge was sued in his official capacity
because all allegations against him were of claimed wrongdoing or negligence by the judge
in actions he was able to take only because of his position as a public servant). Therefore,
we conclude that Wood sued Garza only in her official capacity, and, in that capacity,
Garza is entitled to the same governmental immunity defense available to the College. 
See Ferguson, 97 S.W.3d at 214.

 Based on the above analysis, we conclude that Wood has not affirmatively
demonstrated the trial court's jurisdiction by alleging a valid waiver of immunity as to either
the College or Garza. See Whitley, 104 S.W.3d at 542. Wood's second and third issues
are overruled.

C. Counsel's Authority to Represent the College and Garza

 By his fourth issue, Wood claims that attorney Mihalick, an associate with The
Hudgins Law Firm, had no legal standing to represent the College and Garza. He further
argues that because Mihalick has no authority by statute, rules of civil procedure, the
Texas Constitution, or permission of the trial court to represent the College and Garza, "the
motion to dismiss for lack of jurisdiction should be held as NULL & VOID and the case
remanded back to the trial court for further review." (Emphasis in original.)

 Wood premises his argument on rule 12 of the Texas Rules of Civil Procedure
entitled "Attorney to Show Authority." See Tex. R. Civ. P. 12. Rule 12 provides the
following:

 A party in a suit or proceeding pending in a court of this state may, by
sworn written motion stating that he believes the suit or proceeding is being
prosecuted or defended without authority, cause the attorney to be cited to
appear before the court and show his authority to act. . . . At the hearing on
the motion, the burden of proof shall be upon the challenged attorney to
show sufficient authority to prosecute or defend the suit on behalf of the
other party. Upon his failure to show such authority, the court shall refuse
to permit the attorney to appear in the cause, and shall strike the pleadings
if no person who is authorized to prosecute or defend appears. The motion
may be heard and determined at any time before the parties have
announced ready for trial, but the trial shall not be unnecessarily continued
or delayed for the hearing.


Tex. R. Civ. P. 12.

 On March 6, 2008, the College and Garza filed their original answer identifying
Marion E. Williams, Jr. as their attorney in charge. See id. at rule 8 (providing that an
attorney whose signature first appears on initial pleadings for any party "shall be the
attorney in charge, unless another attorney is specifically designated therein," "said
attorney in charge shall be responsible for the suit as to such party," and "all
communications from . . . other counsel with respect to a suit shall be sent to the attorney
in charge"); Morin v. Boecker, 122 S.W.3d 911, 914 (Tex. App.-Corpus Christi 2003, no
pet.). On April 10, 2008, an agreed motion to substitute Donald M. Hudgins, of The
Hudgins Law Firm, as attorney of record for the College and Garza was filed. The trial
court granted the agreed motion on April 21, 2008.

 Following the substitution of counsel, Wood objected that Hudgins was failing or
refusing to appear for his clients and that Mihalick, an associate of the firm, was signing
all responses and answers from the College and Garza. On September 26, 2008, a
designation of attorneys was filed notifying the trial court that the College and Garza were
substituting counsel and designating "Donald M. Hudgins, Melissa A. Mihalick and any and
all associates of The Hudgins Law Firm . . . as attorneys on their behalf . . . ." Mihalick's
name and Hudgins's name, their bar numbers, and the law firm's address and phone
numbers were listed under the signature line. Mihalick signed the designation. This
designation clarified to the trial court, without a ruling being required, that Mihalick, as well
as Hudgins, represented the College and Garza. See Perdue v. Patten Corp., 142 S.W.3d
596, 605 (Tex. App.-Austin 2004, no pet.) (providing that the rules do not explicitly require
that a motion to substitute be granted to apprise a court of a change in a party's counsel
of record). We conclude Mihalick showed sufficient authority to defend the suit on behalf
of the College and Garza. Furthermore, it has long been held that a party's right to appear
and be represented by counsel of his own choosing is valuable and its unwarranted denial
is reversible error. See Villegas v. Carter, 711 S.W.2d 624, 626 (Tex. 1986); Stefanov v.
Ceips, 395 S.W.2d 663, 665 (Tex. App.-Amarillo 1965, no writ). Wood's fourth issue is
overruled. (6)

IV. Conclusion

 We affirm the trial court's order dismissing Wood's claims with prejudice.


 NELDA V. RODRIGUEZ

 Justice


Delivered and filed the 

27th day of May, 2010.
1. Defendants Norrie D. Jackson, Arthur Robinson, and Hilda Silvas, all employees of the Texas
Department of Criminal Justice, were dismissed with prejudice on January 22, 2008. They are not parties to
this appeal.
2. Wood's appellate brief lists the following issues in its table of contents: (1) the trial court erred in not
dismissing the defendants' case on its own motion for want of prosecution; (2) Wood's due course of law and
due process of law constitutional rights were violated during the entirety of this case; (3) the trial court failed
to use guiding rules and principles in refusing to hear and/or rule on Wood's motion for new trial and his
motion to compel a ruling on the motion; (4) the trial court acted in an arbitrary and capricious manner when
it refused to provide copies of the clerk's record, reporter's records, and findings of facts and conclusions of
law; and (5) the Vocation Class Placement form does not contain the essential elements required to make
it a binding written contract. To the extent Wood is attempting to assert these additional issues, we overrule
them because they are inadequately briefed. See Tex. R. App. P. 38.1(i) (providing that a brief must contain
"a clear and concise argument that includes appropriate citations to legal authority and to the appellate
record").
3. Tuition was approximately $1,500.00.
4. This analysis also applies to Wood's claim set out in section III.B.2. infra that Garza's actions were
"illegal."
5. "Sovereign immunity does not apply to actions taken pursuant to the application of an unconstitutional
law, even though the actions are within the scope of a person's official capacity and are mandated by law." 
Nueces County v. Ferguson, 97 S.W.3d 205, 215 (Tex. App.-Corpus Christi 2002, no pet.). Wood describes
Garza's actions as unconstitutional; however, he provides no record citations and no citations to supporting
authority. Therefore, we conclude that any issue regarding unconstitutional acts has been inadequately
briefed. See Tex. R. App. P. 38.1(i).
6. Having concluded that Mihalick showed sufficient authority to defend the suit on behalf of the College
and Garza, we deny Wood's motion for sanctions that was carried with the case on November 12, 2009. We
also deny Wood's emergency motion to have all previously-filed petitions for sanction against Mihalick heard
and ruled on prior to the disposition of this appeal; this motion was carried with the case on April 23, 2010.